UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD FRIEND, :
    Plaintiff : CIVIL ACTION NO. 3:17-CV-0409
: (Judge Nealon)
v. :
:
FINANCIAL RECOVERIES :
LIMITED, ET AL., :
    Defendants :

## MEMORANDUM

Plaintiff, Ronald Friend, filed a complaint against Defendants Financial Recoveries Limited ("Financial Recoveries"), John Does 1-10, and Corporations X,Y,Z. (Doc. 1). On March 10, 2017, Financial Recoveries filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and its brief in support. (Docs. 3, 4). On March 31, 2017, Plaintiff filed an amended complaint. (Doc. 5). Plaintiff alleges that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), as well as a number of state-law claims.[1] (Id.).

On April 14, 2017, Financial Recoveries filed a Rule 12(b)(6) motion to

---

[1] Although Plaintiff states that his amended complaint contains state-law claims, a review of the amended complaint reveals that no state-law claims have been advanced in this matter. See (Doc. 5). Further, as a result of Plaintiff's filing of an amended complaint, (Id.), the Court dismissed as moot Financial Recoveries' first motion to dismiss. (Doc. 11).

dismiss the amended complaint and its brief in support. (Docs. 7-8). On May 22, 2017, the Court ordered that either Plaintiff file a brief in opposition to Financial Recoveries' motion to dismiss the amended complaint on or before June 5, 2017, or risk, <u>inter alia</u>, the granting of that motion without a merits analysis. (Doc. 12). On June 5, 2017, Plaintiff filed a brief in opposition. (Doc. 13). On June 19, 2017, Financial Recoveries filed a reply. (Doc. 14). As a result, Financial Recoveries' motion to dismiss the amended complaint is ripe for disposition. For the reasons set forth below, Financial Recoveries' motion to dismiss the amended complaint, (Doc. 7), will be granted.

I. **STANDARD OF REVIEW**

As stated, Financial Recoveries' motion to dismiss the amended complaint is brought pursuant to Federal Rule of Civil Procedure 12(b)(6). <u>See</u> (Docs. 3, 4). "This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted." <u>Suessenbach Family v. Access Midstream</u>, 2015 U.S. Dist. LEXIS 40900, at *2 (M.D. Pa. Mar. 31, 2015) (Mannion, J.). The moving party bears the burden of showing that no claim has been stated. <u>Hedges v. United States</u>, 404 F.3d 744, 750 (3d Cir. 2005). All factual allegations are accepted as true and all inferences are construed in the light most favorable to the non-moving party. <u>Kaymark v. Bank of Am., N.A.</u>,

783 F.3d 168, 174 (3d Cir. 2015) (citing Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012)). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead 'enough facts to state a claim to relief that is plausible on its face.'" Suessenbach Family, 2015 U.S. Dist. LEXIS 40900, at *2 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). The non-moving party's allegations must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 544. "This requirement 'calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' necessary elements of the plaintiff's cause of action." Suessenbach Family, 2015 U.S. Dist. LEXIS 40900, at *2-3 (quoting Twombly, 550 U.S. at 544). "Furthermore, in order to satisfy federal pleading requirements, the plaintiff must 'provide the grounds of his entitlement to relief,' which 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).

"Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient." Aspinall v. Thomas, 118 F. Supp. 3d 664, 670-71 (M.D. Pa. 2015) (Mannion, J.) (citing Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State

3

Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000)). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004). When faced with a motion to dismiss, district courts should freely give leave to amend, even when the plaintiff does not seek leave to amend, "when justice so requires, including for a curative amendment unless such an amendment would be inequitable or futile." Free Speech Coal., Inc. v. Att'y Gen., 677 F.3d 519, 545 (3d Cir. 2012).

## II. **FACTUAL ALLEGATIONS**

Pursuant to the above-discussed motion to dismiss standard of review, all facts are taken from Plaintiff's amended complaint, (Doc. 5), unless otherwise noted.

Financial Recoveries, a company that "does extensive business in the Commonwealth" of Pennsylvania, reported four (4) of Plaintiff's accounts "as delinquent, with derogatory information therein." (Id. at pp. 3-4). "[U]pon discovering the aforementioned derogatory information on [his] credit report, Plaintiff sent Defendant letter(s) both disputing the high balance of each account and requesting cop[ies] of the original contracts." (Id. at p. 4). "Said account was used for Plaintiff's personal, family and household purposes." (Id.). According to

4

Plaintiff, "[p]rior to the commencement of this action, Defendant caused certain information about the alleged accounts . . . to be placed on Plaintiff's consumer report." (Doc. 5, p. 4). "Such information," Plaintiff alleges, "was updated by Defendant to the Credit Reporting Agencies . . . on a regular basis, and are reflected on Plaintiff's Consumer Credit Report." (Id.). "The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness." (Id.). Plaintiff contends that:

> [a]t the time of the commencement of this action, Defendant continued to report and update the information about the account to those Credit Reporting Agencies, but failed to either communicate to the [Credit Reporting Agencies] any changes to the account, including the deletion of the trade line.

(Id.).

Plaintiff alleges that "Defendant had actual and/or constructive notice that Plaintiff asked for the account to be verified because" Plaintiff sent "[l]etters . . . to Defendant regarding the aforementioned accounts, requesting both an accounting of the debts, as well as the underlying contracts regarding said debts" and "[t]he lack of any Response letters from Defendant." (Id. at pp. 4-5). "Notwithstanding such actual or constructive notice of Plaintiff's request(s) for verification regarding the alleged debt," Plaintiff continues, "said derogatory information was

5

not updated, and Defendant continued to constructively, if not actively report and update the account information on Plaintiff's consumer report without either reinvestigating said derogatory information or notating on the report that the account was disputed." (Doc. 5, p. 5).

## III. DISCUSSION

To survive a motion to dismiss for failure to state a claim under the FDCPA, a plaintiff must allege the following: (1) plaintiff is a "consumer," (2) defendant is a "debt collector," (3) defendant's challenged practice involves an attempt to collect a "debt," and (4) the defendant violated a provision of the FDCPA in attempting to collect the "debt." Jensen v. Pressler & Pressler, 791 F.3d 413, 417 (3d Cir. 2015). According to Financial Recoveries, "[i]t is the last two critical elements that are detrimental to Plaintiff's claims." (Doc. 8, p. 9). As a result, Financial Recoveries argues, Plaintiff's complaint should be dismissed because it fails to state a claim upon which relief may be granted. See (Docs. 7, 8).

As stated, Plaintiff alleges that Financial Recoveries violated section 1692g(a) and (b) of the FDCPA. (Doc. 5). In particular, Plaintiff claims that Financial Recoveries failed to "issue the notifications required by" the FDCPA in

"direct violation of" section 1692g(a).[2] (Doc. 5, p. 7). As for the claim based on section 1692g(b), Plaintiff claims that Financial Recoveries violated that section because it continued collection activity, "including but not limited to the placing of derogatory information on Plaintiff's consumer credit report, without verifying the debt in question to the consumer . . . ." (Id. at p. 8).

Financial Recoveries argues that Plaintiff's section 1692g(a) claim fails to state a claim upon which relief may be granted because "the act of reporting Plaintiff's consumer debt to a [Credit Reporting Agency] does not constitute an 'initial communication with a consumer' under the FDCPA." (Doc. 8, p. 5). "Therefore, no duties were triggered or violated by Financial Recoveries." (Id.).

In response, Plaintiff begins by noting that this matter only includes "causes of action . . . as related to the FDCPA." (Doc. 13, p. 5). According to Plaintiff, the amended complaint "pointedly excluded any language that could lend itself to a FCRA claim." (Id. at p. 4).

Plaintiff continues by claiming that "according to a reasonable reading of the statutes sued under, as written, Defendant not only failed in its statutory duty,

---

[2] "In the alternative," Plaintiff argues, "if this Court finds that the five day period contemplated by the [FDCPA] did not commence until the receipt of Plaintiff's aforementioned dispute letters, then Defendant is still in violation of [section 1692g(a)], as the 30 said period (sic) had well past at the time of the filing of the Complaint." (Doc. 5, p. 7).

but made little to no effort at fulfilling same." (Doc. 13, pp. 10-11). According to Plaintiff, he is:

> simply saying to Defendant, 'Demonstrate that you have the right to collect this debt' Defendant, while retaining its litigatory remedies (not disputed here, although 1692g(c) pointedly imparts no admissions upon plaintiff for making such a challenge), is refusing said request; despite the potential civil penalties imparted by the FDCPA.

(Id. at p. 11). Plaintiff continues by claiming that the:

> sum total of both its briefs in support indicate that Defendant is either playing an obtuse "shell" game (by claiming the behavior complained of is actually dealt with by another statute–with "watered-down protections") or ambitiously trying to extend caselaw so as to render multiple statutes ineffective.

(Id. at pp. 11-12). "In other words," Plaintiff argues, "make the bureaucracy so difficult to decipher, that the majority of consumers will not try to challenge their debts or credit report." (Id. at p. 12).

Plaintiff also takes issue with "Defendant's insistence that the [Credit Reporting Agency] must be contacted first." (Id.). In particular, Plaintiff states that "Defendant attempts to make much of the notion that, since it was contacted first about debt validation, as opposed to the relevant Consumer Reporting Agency . . ., it has no obligation to verify." (Id.). "However," Plaintiff contends, section 1692g(b) states, in relevant part, that "**[i]f the consumer notifies the debt**

**collector** . . . ." (Doc. 13, p. 12) (emphasis in original). According to Plaintiff, this language shows that section 1692g(b) "does not require that the [Credit Reporting Agency] be either first or exclusively notified." (Id.). Plaintiff concludes that Defendant is "liable under both" section 1692g(a) and (b) because:

> Since Defendant began "collection activity" the moment it placed the alleged derogatory information on Plaintiff's consumer credit report, but both failed to notify Plaintiff in defiance of [section 1692g(a)], and totally ignored Plaintiff's validation request in defiance of [section 1692g(b)] . . . .

(Id. at p. 13).

Plaintiff also argues that Defendant's "specificity argument fails." (Id.). First, Plaintiff states that the specificity argument "is simply an attempt to collaterally derail an otherwise valid set of claims." (Id.). Second, Plaintiff argues that "[t]he courts, generally do not agree with Defendant's approach." (Id. at pp. 13-14) (citing Conley v. Gibson, 355 U.S. 41 (1957)). Further, Plaintiff states, "[w]hile Twombly and Iqbal allegedly 'tighten' the standard to one of 'plausibility,' Defendant still fails to get past the post in its dismissal argument." (Id. at p. 14). According to Plaintiff, "[d]espite the sound-and-fury by Defendant in its brief, the elements of the case are straightforward: 1. Plaintiff initiated a dispute regarding his credit report, regarding derogatory information which Plaintiff deemed false," and "2. Defendant, without explanation, categorically, not

9

only refused to validate, but also refused to even mark the account as disputed as required by the statute." (Doc. 13, p. 14). Plaintiff contends that Defendant's:

> attempt . . . to narrow the Federal pleading standard even farther than that which Defendant alleges of Twombly and Iqbal ignores the entreaty in Phillips that, essentially, the Courts must take note of the context of a particular case and not apply a bright-line rule to interpreting whether a pleading meets muster under Federal Rule 12([b])(6). Twombly and Iqbal are based on the "fair notice" provision of Federal Rule 8(a)(2); essentially that a potential Defendant be given notice of that which is Complained of.

(Id. at pp. 14-15) (citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008)). Plaintiff argues that the amended complaint has been alleged with the requisite specificity to pass review under Rule 12(b)(6). (Id. at pp. 15-16). The viability of Plaintiff's FDCPA claims will be addressed in turn.

Starting first with Plaintiff's section 1692g(a) claim, that section requires that:

> [w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer paid the debt, send the consumer a written notice . . . .

15 U.S.C. § 1692g(a). The "written notice" must contain the following:

> (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the

> validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt-collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). Notably, under the FDCPA, a "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." Id. at § 1692a(3).

Here, as noted above, Plaintiff's 1692g(a) claim appears to hinge upon Financial Recoveries' alleged reporting of information concerning Plaintiff to Credit Reporting Agencies. (Doc. 5, pp. 4, 6-7). However, a plain reading of sections 1692a and 1692g reveal a number of deficiencies with Plaintiff's section 1692g(a) claim. For example, a Credit Reporting Agency is not a "consumer" under the FDCPA because, in part, it is not a "natural person." 15 U.S.C. §§ 1692a, g. Thus, an alleged communication with a Credit Reporting Agency fails to activate the notice requirements found in section 1692g(a) which serve as the basis for Plaintiff's section 1692g claim.

To the extent that Plaintiff claims that section 1692g(a) was triggered when Financial Recoveries received Plaintiff's dispute letters, see (Doc. 5, p. 7), that also fails to state a cause of action upon which relief may be granted. First, the FDCPA "broadly defines 'communication' as 'the conveying of information regarding a debt directly or indirectly to any person through any medium.'" McDermott v. Nationstar Mortg., LLC, 143 F. Supp. 3d 290, 301 (E.D. Pa. 2015) (quoting 15 U.S.C. § 1692a(2)). Importantly, however, section 1692g(a) of the FDCPA "does not apply to every communication between a debt collector and a debtor." Grden v. Leikin Ingber & Winters PC, 643 F.3d 169, 173 (6th Cir. 2011); McDermott, 143 F. Supp. 3d at 301 (quoting Grden, 643 F.3d at 173). Rather, the United States Court of Appeals for the Third Circuit has stated that for a communication to fall under section 1692g(a) "an animating purpose of the communication must be to induce payment by the debtor." Simon v. FIA Card Servs., 732 F.3d 259, 266 (3d Cir. 2013). "So long as the 'activity [is] undertaken for the general purpose of inducing payment . . . [the] communication need not contain an explicit demand for payment to constitute debt collection activity.'" McDermott, 143 F. Supp. 3d at 301 (alterations in original) (quoting McLaughlin v. Phelan Hallinan & Schmieg, LLP, 756 F.3d 240, 245 (3d Cir. 2014)). For example, "[a]s the Third Circuit has explained, 'communications that include

discussions of the status of payment, offers of alternatives to default, and requests for financial information may be part of a dialogue to facilitate satisfaction of the debt and hence can constitute debt collection activity.'" McDermott, 143 F. Supp. 3d at 301 (quoting McLaughlin, 56 F.3d at 245-46).

Clearly, an unsolicited communication from a "debtor" to an alleged "debt collector" which was sent in an attempt to dispute "the high balance of each account and requesting copies of the original contracts" cannot establish that an animating purpose of that communication was to induce payment from the debtor. As a result, Financial Recoveries' motion to dismiss Plaintiff's section 1692g(a) claim will be granted because Plaintiff has failed to state a claim for relief under section 1692g(a) of the FDCPA.

As stated, Plaintiff also claims that Financial Recoveries violated section 1692g(b) of the FDCPA. (Doc. 5, pp. 7-8). Section 1692g(b) "mandates the debt collector to cease all collection efforts if the consumer provides written notice that he or she disputes or requests the name of the original creditor until the debt collector mails either the debt verification or creditor's name to the consumer." Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000) (citing 15 U.S.C. § 1692g(b)). More specifically, section 1692g(b) reads, as follows:

> If the consumer notifies the debt collector in writing within the

> thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(b).

According to its plain text, in order to successfully bring a claim under section 1692g(b) the "thirty-day period described in subsection (a)" must be triggered by an "initial communication with a consumer in connection with the collection of any debt." Id.; see also Peterson v. Portfolio Recovery Assocs., LLC, 430 F. App'x 112, 115 n.3 (3d Cir. 2011); Ogbin v. GE Money Bank, 2011 U.S. Dist. LEXIS 64735, at *15, 16 (D.N.J. June 13, 2011). As determined above, Plaintiff has failed to sufficiently plead that the "thirty-day period described in subsection (a)" was triggered, in any way. See (Doc. 5). As a result, Financial

Recoveries' motion to dismiss Plaintiff's section 1692g(b) claim will be granted because Plaintiff has failed to state a claim upon which relief may be granted.

## IV. **LEAVE TO AMEND**

As stated, when faced with a motion to dismiss, district courts should freely give leave to amend, even when the plaintiff does not seek leave to amend, "when justice so requires, including for a curative amendment unless such an amendment would be inequitable or futile." Free Speech Coal., 677 F.3d at 545. "[T]he Third Circuit has also held that where 'denial of leave to amend is based on "futility," it essentially means that a "complaint, as amended, would fail to state a claim" for relief.'" Nobile v. United States Bank Nat'l Ass'n, 2016 U.S. Dist. LEXIS 18810, at *4 (M.D. Pa. Feb. 17, 2016) (Rambo, J.) (quoting Burtch v. Milberg Factors, Inc., 662 F.3d 212, 231 (3d Cir. 2011)).

Financial Recoveries argues that Plaintiff "should not be permitted further opportunities to amend his Complaint because any such amendment would be futile." (Doc. 14, p. 2). According to Financial Recoveries, Plaintiff's allegations "simply do not rise to liability under Section 1692g(a) and 1692g(b) of the FDCPA." (Id. at p. 8). "Rather," Financial Recoveries concludes, "Plaintiff[] conflates the FCRA and 1692e claims-which also fail if pled against Financial Recoveries." (Id.). "Here," Financial Recoveries notes, "Plaintiff only alleges

15

1692g claims, which fail as a matter of law because there are no allegations that Financial Recoveries every contacted Plaintiff–which is a threshold element that Plaintiff must plead in order to survive the present" motion. (Doc. 14, p. 8). "Accordingly, Plaintiff's Amended Complaint should be dismissed with prejudice, and he should not be granted leave to further amend." (Id.).

Based on the aforementioned discussion, the Court agrees with Financial Recoveries to the extent it argues that Plaintiff cannot successfully advance a cause of action under section 1692g under these circumstances. Specifically, Plaintiff's allegation that Financial Recoveries, a debt collector, sent a communication to a credit reporting agency cannot establish that the requirements under sections 1692g(a) and (b) were triggered. Similarly, to the extent that Plaintiff is attempting to obtain relief under section 1692g by claiming that the unsolicited communication he sent to Defendant also cannot establish relief under the FDCPA. Therefore, even assuming his allegations are true, Plaintiff will not be granted leave to amend his claims under section 1692g because it would be futile.

However, the Court does not agree with Financial Recoveries contention that Plaintiff, if granted leave to amend, will be unable to make out a claim under section 1692e of the FDCPA. "Section 1692e prohibits a debt collector . . . from

16

using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" Szczurek v. Prof'l Mgmt., 627 F. App'x 57, 60 (3d Cir. 2015) (quoting 15 U.S.C. § 1692e). "The sub-parts of § 1692e comprise a non-exhaustive list of debt collection practices that violate the prohibition on false or misleading representation." Jensen v. Pressler & Pressler, 791 F.3d 413, 418 n.2 (3d Cir. 2015) (citing 15 U.S.C. § 1692e). "Most of the examples of prohibited behavior involve a statement or affirmative representation by a debt collector, but § 1692e(11) involves an omission: the failure to disclose relevant information." Id. The Court also notes that section 1692e(8) prohibits the omission of information. In particular, section 1692e(8) states that a "debt collector's" "failure to communicate that a debt is disputed" can serve as a basis for relief under the FDCPA. 15 U.S.C. § 1692e(8).

In Ramos v. Wells Fargo Bank, N.A., 2016 U.S. Dist. LEXIS 150378 (D.N.J. Oct. 31, 2016), the plaintiff claimed that the defendant "sent 26 false and misleading monthly credit reporting agencies in violation of the FDCPA between February 2013 and March 2015.[footnote omitted]." Id. at *26. The court found that "those of [the plaintiff's] FDCPA claims based upon reports sent within one year prior to September 28, 2015 are not barred by the one-year statute of limitations in this case." Id. As a result, those claims were allowed to proceed.

Notably, however, while the court addressed whether these violations occurred beyond the FDCPA's statute of limitations, the court noted that the defendant had not "properly raised a challenge to whether the sending of credit reports to credit reporting agencies" would qualify as "conduct in connection with the collection of a debt subject to the FDCPA." Ramos, 2016 U.S. Dist. LEXIS 150378, at *26 n.4.

However, in Sullivan v. Equifax, Inc., 2002 U.S. Dist. LEXIS 7884 (E.D. Pa. Apr. 19, 2002), the plaintiff alleged that the defendant "'continued to report such inaccurate information to various credit reporting agencies . . . has failed to mark the debt as disputed and has continued to attempt to collect monies from the plaintiff regarding the inaccurate information by the aforementioned conduct.'" Id. at *15-16. The court found that "[t]hese allegations are sufficient, at this stage of the proceedings, to state a claim under the broad language of § 1692e of the FDCPA." Id. at *16 (citing Finnegan v. Univ. of Rochester Med. Ctr., 21 F. Supp. 2d 223, 229 (W.D.N.Y. 1998)). In support of this determination, the court noted that "[o]ne commentator has remarked that '[t]his provision recognizes that reporting a debt to a credit reporting agency is "a powerful tool designed, in part, to wrench compliance with payment terms . . . ."'" Id. at *15 (second alteration in original) (quoting HOBBS, FAIR DEBT COLLECTION, § 5.5 10, pp. 170-71 (3d Ed. 1996)). The court continued by stating that "[b]ecause reporting a debt to a credit

18

reporting agency can be seen as a communication in connection with the collection of a debt, the reporting of such a debt in violation of the provisions of § 1692e(8) can subject a debt collector to liability under the FDCPA." Sullivan, 2002 U.S. Dist. LEXIS 7884, at *15.

As noted, Plaintiff alleges that:

> [a]t the time of the commencement of this action, Defendant continued to report and update the information about the account to those Credit Reporting Agencies, but failed to either communicate to the [Credit Reporting Agencies] any changes to the account, including the deletion of the trade line.

(Doc. 5, p. 4). According to Plaintiff, "Defendant had actual and/or constructive notice that Plaintiff asked for the account to be verified because" Plaintiff sent "[l]etters . . . to Defendant regarding the aforementioned accounts, requesting both an accounting of the debts, as well as the underlying contracts regarding said debts" and "[t]he lack of any Response letters from Defendant." (Id. at pp. 4-5). "Notwithstanding such actual or constructive notice of Plaintiff's request(s) for verification regarding the alleged debt," Plaintiff continues, "said derogatory information was not updated, and Defendant continued to constructively, if not actively report and update the account information on Plaintiff's consumer report without either reinvestigating said derogatory information or notating on the report that the account was disputed." (Id. at p. 5). Therefore, based upon the amended

19

complaint, Plaintiff may be able to make out a claim for relief under 1692e of the FDCPA.  See Hoffman v. Wells Fargo Bank, N.A., 2017 U.S. Dist. LEXIS 38927, at *35-36 (E.D. Pa. Mar. 16, 2017); Sullivan, 2002 U.S. Dist. LEXIS 7884, at *15-16.  Consequently, Plaintiff will be granted leave to file an amended complaint.

## V.     CONCLUSION

Based on the foregoing, Financial Recoveries' motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), (Doc. 7), will be granted.  Plaintiff's claims under section 1692g of the FDCPA will be dismissed with prejudice because granting leave to amend those claims would be futile.  However, Plaintiff will be granted leave to amend in order to advance a claim under section 1692e of the FDCPA.

A separate Order will be issued.


**Date**: August 28, 2017                                     **/s/ William J. Nealon**
                                                                              **United States District Judge**